OPINION
{¶ 1} This is an appeal from the granting of summary judgment to Appellee, Frontier Leasing Corporation (Frontier) by the Court of Common Pleas of Richland County.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Clarence E. Deal (Deal) operated several business entities, one of which was Scores of Mansfield dba E-City, which leased equipment from Appellee. E. City became in default and, even though Mr. Deal was a guarantor on such leases, Appellee desired additional security.
{¶ 3} Star Auto Center, Inc. (Star), a corporation, whose shares were owned by the Deals, had acquired a front-end loader (Case 1840 Skid Steer) from Mr. Deal.
{¶ 4} Star entered into a security transaction entitled an "Equipment Lease Agreement" with Frontier, under the second paragraph of which, title was transferred to Frontier.
{¶ 5} Subsequently the Deals filed personal bankruptcy along with Scores of Mansfield (Case No. 0162804). Star did not file bankruptcy although its shares were listed as part of the bankruptcy estate of the Deals.
{¶ 6} The bankruptcy became a Chapter 11 reorganization. Frontier filed an objection to the plan.
{¶ 7} Discussions took place resulting in the recognition of an administrative claim of Frontier of $40,000.00 and the objection was withdrawn.
{¶ 8} Frontier, asserting a default by Star, filed suit seeking judgment and replevin of the front-end loader.
{¶ 9} A summary judgment motion was filed by Frontier along with supporting documentation. Such was opposed by Appellant but was sustained by the trial court.
{¶ 10} The following Assignment of Error is raised:
 ASSIGNMENT OF ERROR
{¶ 11} "I. The trial court erred in granting plaintiff's motion for summary judgment against defendant in the above captioned case."
{¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 13} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
{¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
{¶ 15} It is based upon this standard we review appellant's assignment of error.
{¶ 16} Among the assertions of Appellant as to the error in granting the summary judgment are those relating to agreements and orders in the bankruptcy proceedings involving the designation of Frontier's $40,000.00 claim as administrative. These were:
{¶ 17} "The Debtors and Frontier agree that Frontier shall be the holder of an Allowed Administrative Claim in the amount of Forty Thousand Dollars ($40,000.00). Such Allowed Administrative Claim will be paid in full satisfaction of any and all Administrative Claims held by Frontier, whether known or unknown, that may have arisen during the Debtors' chapter 11 case until the date of this Confirmation Order. Such Allowed Administrative Claim shall be subordinate only to Allowed fees and expenses of the Debtors' professionals retained in their chapter 11 case.
{¶ 18} "Vesting of Assets Except as otherwise provided in the Plan, as of the Effective Date, all property of the Estate, and any property acquired by the Debtors under the Plan, shall revest in the Debtors as provided for in the Plan, free and clear of all Claims, liens, charges, other encumbrances, and Interests.
{¶ 19} "Release of Liens. Except as otherwise provided in this Confirmation Order or the Plan, or in any contract, instrument, release or other agreement document created in connections [SIC] with the Plan, on the Effective Date, all mortgages, deeds of trust, liens or other security interests against the property of the Estate, or against property that is collateral for any obligation of the Debtors, shall be fully released and discharged, and all of the rights, titles, and interests of any holder of such mortgages, deeds of trust, liens, or other security interests shall revert to the Reorganized Debtors and their successors and assigns."
{¶ 20} "Frontier shall hold no other or further claim against the Debtors and their estate except as set forth in the Findings of Fact and Conclusions of Law and Order Confirming Debtors' First Amended Plan of Reorganization."
{¶ 21} Essentially, Appellant is asserting that the proceedings in the bankruptcy released all claims of Appellee to the estate of the Deals and since the stock of Star Auto Center, Inc. was part of the bankruptcy estate of the Deals, all claims against Appellant are thereby released.
{¶ 22} We find this reasoning to be faulty for two reasons. First, because the shares of Appellant were listed as part of their estate does not make Appellant a party to the bankruptcy nor affect the contractual rights and obligations between Appellant, a separate legal entity, and Appellee. To argue this, for example, would mean that if the Deals had listed a few shares of General Motors or I.B.M. in their bankruptcy estate, then all claims existing by anyone with respect to such corporations would thereby be affected.
{¶ 23} Secondly, the ownership of the front-end loader was transferred to Appellee by paragraph 2 of the lease agreement and therefore it, as opposed to the shares of Appellant, should not have been listed as an asset in the bankruptcy.
{¶ 24} The next argument submitted by Appellant is collateral estoppel.
{¶ 25} "The doctrine of collateral estoppel, which is also known as issue preclusion, precludes a party from relitigating an issue of fact when the following elements are met:
{¶ 26} "(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;
{¶ 27} "(2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
{¶ 28} "(3) the issue must have been admitted or actually tried and decided and musts be necessary to the final judgment; and
{¶ 29} "(4) the issue must have been identical to the issue involved in the prior suit." See Hicks v. De La Cruz (1977),52 Ohio St.2d 71, 74-75 and Howell v. Richardson (1989),45 Ohio St.3d 365."
{¶ 30} This legal proposition is not well taken for the same reason heretofore stated, to-wit:
{¶ 31} Appellee was not a party to the bankruptcy proceedings.
{¶ 32} The failure of consideration concept also fails.
{¶ 33} Appellant states (Brief p. 13) that there was never a conveyance of any property to Appellee. Notwithstanding the deposition testimony of Mr. Deal, paragraph 2 of the lease agreement says otherwise. As quoted in Appellee's Brief (P. 20), the Restatement of Contracts (Second), § 80 provides that promises form a sufficient consideration to support a contract. Clearly, multiple promises existed and the requested transfer of the front end loader with lease provisions was to further secure the indebtedness when financial problems were present.
{¶ 34} There is no basis for this argument.
{¶ 35} The last proposition is that Appellee is not entitled to both replevin and a monetary judgment.
{¶ 36} As Appellee was the owner of this piece of machinery and because of default, entitled to possession and an absolute right to replevin. As indebtedness remained due to Appellee, the monetary judgment is proper.
{¶ 37} We find that the court correctly granted Appellee's Rule 56 Motion.
{¶ 38} This cause is affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellants.